[No. 35933. Department Two. October 19, 1961.]

EDWARD J. NAVIN, *Appellant,* v. MARJORY HALL *et al.,* *Respondents.**

*Merges, Brain & Hilyer,* for appellant.

*Lycette, Diamond & Sylvester* and *Meade Emory,* for respondents.

PER CURIAM.—This is an action for personal injuries arising out of an automobile accident.

The complaint alleged injuries to the cervical spine. Two weeks before the trial date, the plaintiff gave notice of a trial amendment which would add injuries to the lumbar spine to his complaint and raise the prayer thereof from $20,150 to $54,250. The defendants then also gave notice

*Reported in 365 P. (2d) 594.

of a trial amendment adding an affirmative defense of unavoidable accident by way of a brake failure.

At the beginning of the jury trial, the court denied both motions to amend. During the course of the trial, the plaintiff and his expert medical witnesses were limited in their testimony to the injuries to the cervical spine. After the plaintiff rested his case and before the defendants' opening statement, the trial court reconsidered the motions of both parties to amend and granted them. The trial court also suggested that the plaintiff not excuse one of the doctors then in the courtroom so that the plaintiff could conveniently recall him to the stand to testify as to injuries to the lumbar spine as alleged in his amendment to the complaint.

The appellant then elected not to put in any evidence on the amendment and informed the court that he would still rest. He did not want or ask for a continuance or a new trial.

The jury returned a verdict for the plaintiff and, being aggrieved at the amount, he appeals.

■ We find no merit in the appellant's appeal. The errors relied upon were corrected by the trial court at a time when the appellant could still introduce any testimony he desired.

Appellant's position is that his trial strategy contemplated a certain order of proof as to his injuries, which was disrupted by the original error. He elected to omit the belated proof related to his trial amendment because he thought it would be bad jury psychology to put it in out of order.

We are not inclined to allow a party to decline an opportunity to correct an error, speculate on a verdict, and then have a new trial merely because of the disruption of his trial strategy.

The judgment is affirmed.